BRITTON LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28004.   Promulgated August 25, 1930.

*T. J. Britton* and *D. Stuart Gillis, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

OPINION.

TRAMMELL: This is a proceeding for the redetermination of deficiencies in income tax for 1922, 1923, 1924, and 1925 in the amounts of $1,239.86, $1,807.34, $256.22, and $2,820.79, respectively. It is alleged that the Commissioner erred in his determination of the depletion for the years 1922, 1923, 1924, and 1925, and that he erred in determining the amount of depreciation allowances for 1923, 1924, and 1925, and that he erred in disallowing " amounts set up by taxpayer as a reserve for bad debts " for 1923, 1924, and 1925.

Petitioner is a Florida corporation with its principal office at Lakewood. It is engaged in the lumber-manufacturing business.

The respondent at the hearing conceded that the income shown in the notice of deficiency for 1922 of $56,202.15 should be reduced by $15,896.42 on account of further depletion allowance; that the net income for 1923 of $18,477.08 should be reduced on account of additional depletion allowance in the amount of $11,317.55; that the net income for 1924 in the amount of $4,049.77 should be reduced by the amount of $13,034.39, on account of additional depletion allowance; that the net income for 1925 in the amount of $43,803.40 should be reduced by the amount of $10,825.94 on account of further additional depletion allowance.

With respect to alleged bad debts the petitioner in 1923 placed the following entry on its books, " Loss and Gain Res. for Bad Debts, $3,500." In the year 1924 it placed the following entry on its books,

"Loss and Gain Reserved for Bad Debts, $1,500." In 1925 it placed the following entry on its books, "Loss and Gain Bad Debts, $3,000." On January 1, 1925, there appeared an entry in red ink as follows: "Balance, $5,000." Underneath the entry of December 31, 1925, appeared an entry dated January 1, 1926, "Balance, $8,000," in red ink. No specific accounts were referred to in the foregoing charges.

The petitioner had in his books of account under date of June 30, 1926, certain specific accounts as follows:

| Date | Description | Folio | Debits | Date | Description | Folio | Debits |
|---|---|---|---|---|---|---|---|
| 1926 | | | | 1926 | | | |
| June 30 | Accts, Receivable | 811 | $106.00 | June 30 | Chas. K. Parry & Co | 812 | $102.47 |
| 30 | County Road T | 811 | 65.50 | 30 | Rev. N. O. Patterson | 812 | 40.00 |
| 30 | Christmas Tree T | 811 | 53.20 | 30 | Pine Lbr. Co | 812 | 23.76 |
| 30 | T. J. Book | 811 | 3.00 | 30 | Sam E. Patten | 812 | 1,079.33 |
| 30 | C. C. Garrett | 811 | 10.00 | 30 | A. S. Rowle | 812 | 36.27 |
| 30 | J. G. Godwin | 811 | 20.75 | 30 | W. L. Shepherd Lbr. | | |
| 30 | C. H. Gordon | 811 | 36.69 | | Co. | 812 | 267.15 |
| 30 | F. D. Heath | 811 | 60.88 | 30 | J. L. Sullivan | 812 | 7.60 |
| 30 | Edwd. J. Hammond | | | 30 | H. C. Taylor | 812 | 16.84 |
| | & Co. | 811 | 787.30 | 30 | Hua Henderson | 812 | 111.11 |
| 30 | H. A. Hallowell & Co. | 811 | 546.80 | Dec. 31 | Adv. 7, 1923 | 882 | 290.50 |
| 30 | U. S. G. Hinsley | 811 | 45.29 | 31 | Adv. 7, 1924 | 882 | 181.50 |
| 30 | Hendricks Caskey Co. | 811 | 286.99 | 31 | Adv. 7, 1925 | 882 | 275.00 |
| 30 | Kulp Lbr. Co. | 812 | 507.15 | Apr. 30 | Robt. Ballard 7 | 922 | 363.74 |
| 30 | Kennon Lbr. Co | 812 | 15.00 | 30 | Si Williams | 922 | 9.56 |
| 30 | Chas. R. Krinn Lbr. | | | 30 | A. T. Dean | 922 | 2.98 |
| | Co. | 812 | 87.65 | 30 | E. S. Marlow | 922 | 55.00 |
| 30 | Ladson Lbr. Co | 812 | 240.80 | 30 | W. S. Turnquist | 922 | 45.88 |
| 30 | Webb Miles | 812 | 4.00 | 30 | Carolina Lbr. Co | 922 | 315.64 |
| 30 | Milne Lbr. Co | 812 | 637.79 | Nov. 30 | P. Coffee | 987 | 10.00 |
| 30 | Dr. D. L. McSwain | 812 | 62.95 | 30 | J. F. Hallaway & Co | 987 | 461.28 |
| 30 | Nowell & Wallace | 812 | 123.14 | 30 | W. H. Lewis | 987 | 365.42 |
| 30 | Napier Farms & Mill- | | | 30 | Ernest Manning | 987 | 35.41 |
| | ing Co. | 812 | 9.24 | 30 | Smith Lbr. Co | 987 | 636.35 |
| 30 | Nesour Lbr. Co | 812 | 1,275.95 | Dec. 31 | Chestnut Lbr. Co | 206 | 308.95 |
| 30 | Walter Newton | 812 | 50.00 | | | | |
| 30 | Wm. & Martin Nohler | 812 | 30.00 | | | | 10,300.00 |
| 30 | Pine & Cypress Mfg. | | | | | | |
| | Co. | 812 | 192.19 | | | | |

On the same page and on the back of that page, marked "Account No. 8½," appeared other accounts, all of them dated 1926. At the top of the pages referred to appear the following: "Reserved for Bad Debts," and "Bad Debt Account," respectively. On the right hand side of the first page appears the following statement, dated 1923:

| Date | Description | Folio | Credits |
|---|---|---|---|
| 1923 | | | |
| Dec. 31 | Loss and gain reserved for bad debts | 447 | $3,500.00 |
| 1924 | | | |
| Dec. 31 | Loss and gain reserved for bad debts | 591 | 1,500.00 |
| 1925 | | | |
| Jan. 1 | Balance (red) | (Red) | 5,000.00 |
| Dec. 31 | Loss and gain reserved for bad debts | 737 | 3,000.00 |
| 1926 | | | |
| Jan. 1 | Balance (red) | (Red) | 8,000.00 |

On the back of this same page in the right hand column appears the following:

| Date | Description | Folio | Credits |
|---|---|---|---|
| 1926<br>Jan. 1<br>Dec. 31 | Brought forward<br>Loss and gain reserved for 1926 | 884 | $8,000.00<br>2,300.00 |

With respect to the debts claimed in the amended petition to have been ascertained to be worthless and charged off during the respective taxable years, the respondent disallowed the deductions claimed, upon the ground that they were not ascertained to be worthless and charged off during the taxable years involved, the respondent taking the position that the petitioner adopted the reserve method with respect to bad debts without the permission of the Commissioner first having been obtained.

In response to the question of the respondent's counsel, "Now what does the entry regarding January 1, 1925, $5,000 in red ink indicate?" W. A. McNeill, bookkeeper of the petitioner, testified, "It indicates 1923 and 1924 reserve for bad debts." In reply to the question, "You simply added them, is that it?" the witness stated, "Yes sir." The entry for 1925, according to the witness was also "The reserve for bad debts." In explanation as to the entry made in 1926 which purported to make a charge with respect to the bad debts, the witness testified in explanation of the inclusion in that year, that they were under the impression that the reserve set up was sufficient. He also testified that in setting up the reserve it was petitioner's intention to charge these accounts to it at a later date, and also the bookkeeper testified that they did not pick out any particular debt to charge off until June 30, 1926.

We think that the evidence in this case establishes the fact that the petitioner used the reserve method for handling its bad debts, and that the specific debts involved were not charged off during the taxable years involved. Two methods with respect to handling its bad debts were open to the petitioner—one, the reserve method authorized by the statute in the discretion of the Commissioner, and the other the charge-off method. The petitioner used the former and has failed to show that it had the Commissioner's permission in doing so. Without the Commissioner's permission, the reserve method is not authorized. *Kay Manufacturing Co.*, 18 B. T. A. 753; *Ewald & Co.*, 18 B. T. A. 1130.

The respondent disallowed the deduction upon the ground that the petitioner did not obtain the permission of the Commissioner to

use the reserve method in the years involved. The petitioner in his original petition assigned his error as follows:

The Commissioner further refuses to allow in entirety the amount set up by taxpayer as a reserve for bad debts * * * contending that since it did not elect in 1921 to adopt the reserve method the deduction claimed for reserve for bad debts cannot be allowed in accordance with Article 155, Regulations 162.

The petitioner at the hearing amended its petition to allege that the debts were ascertained to be worthless and charged off during the taxable year. This allegation, however, has not been sustained with respect to the charge-off. It is necessary to show not only that debts were ascertained to be worthless but that they were charged off during the taxable year. While it is not necessary to establish any particular method or means of charging off so long as the accounts are effectively eliminated, we think in this case that there has been no charge-off of the debts within the taxable years.

The burden of proof was upon the petitioner to show that he had obtained the permission of the Commissioner to adopt the reserve method, and this he has failed to do. Also, it is our opinion that the Commissioner was correct in refusing to allow the deductions claimed with respect to the debts alleged to have been ascertained to have been worthless and charged off.

The petitioner has also failed to introduce evidence to overcome the presumption of the correctness of the Commissioner's determination with respect to depreciation.

*Judgment will be entered under Rule 50.*