Century Die Casting Company v. Commissioner.
Century Die Casting Co. v. Commissioner
Docket No. 112573.
United States Tax Court
1943 Tax Ct. Memo LEXIS 415; 2 T.C.M. (CCH) 1066; T.C.M. (RIA) 43499; March 9, 1943
*415 A. M. DeCardy, secretary-treasurer, and E. T. Stille, director, for the petitioner. Carroll Walker Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: This proceeding involves deficiencies for the calendar year 1940 as follows: Income tax
$260.44
Declared value excess-profits tax
250.36
Excess-profits tax
124.89
The only contested issue is whether the respondent erred in allowing the petitioner a deduction of $633.85 as a bad debt charged off in 1940 instead of allowing the total amount of $2,325 claimed as a bad debt reserve set up in that year. The petitioner's income tax return for the year 1940 was filed with the collector of internal revenue for the first district of Illinois. Findings of Fact The petitioner was incorporated in 1933. It operated from 1933 through 1939 without any margin of profit. In 1940 its gross sales increased very rapidly. In 1939, and prior thereto, the petitioner used and reported under the actual charge-off method of deducting bad debts. In 1940 it changed to the reserve method. The petitioner, under date of November 12, 1940, dispatched a letter to the collector of internal revenue at Chicago, asking *416 permission to use the reserve method of treating bad debts. The petitioner received no reply to this communication. The respondent did not grant permission to the petitioner to change to the reserve method of treating bad debts on its 1940 income tax return. Opinion The petitioner has affirmatively established that it never received permission of the respondent to change its method of treatment of bad debts. Without such permission its change of method was unauthorized. Since 1921 taxpayers have been given the option of treating bad debts in either of two ways, i.e., by charge-off or by an addition to a reserve for bad debts. Since that time Treasury Regulations [1] governing bad debts have contained a provision that the method used in the return for 1921 must be used in all subsequent years unless permission is granted by the Commissioner to change to the other method. A taxpayer filing a first return may select either of the two methods subject to the approval of the Commissioner. If the method selected is approved it must be followed in returns for subsequent years, except as permission is granted by the Commissioner to change to another method. *417 We have repeatedly held that permission of the respondent to change the method of treatment of bad debts is an essential preliminary requisite to entitle the taxpayer to change from the adopted and approved system. Key Manufacturing Co., 18 B.T.A. 753; Ewald & Co., 18 B.T.A. 1130. Without affirmatively showing that permission was granted the presumption of the correctness of respondent's determination is not rebutted. Britton Lumber Co., 20 B.T.A. 583. The petitioner must fail here. Decision will be entered under Rule 50. Footnotes
1. Treasury Regulations 103↩, Section 19.23 (k)-1 (1942); Sections 23 (k)-1 of Regulations 101 (1938); 94 (1936); 86 (1934); 77, Art. 191 (1932); 65, Art. 151 (1924); 62, Art. 151 (1921).